## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Chaim Lowenstein,

       Plaintiff,

                                   CIVIL NO.: _____

v.

Tom Kane, Jr. and                                 **COMPLAINT**
Dietz-Kane & Associates Insurance
Agency, Inc.,

       Defendants.

Plaintiff Chaim Lowenstein ("Plaintiff"), as and for his Complaint against Defendants

Tom Kane, Jr. ("Kane") and Dietz-Kane & Associates Insurance Agency, Inc. ("Dietz-Kane"),

states and alleges as follows:

### THE PARTIES

1.      Plaintiff is a resident of the State of New York and lives at 1973 60th Street, 126,

Brooklyn, New York 11204.

2.      Defendant Kane is a resident of the State of Minnesota, last known to reside at

1446 Clippership Bay, Saint Paul, Minnesota 55125.

3.      Defendant Dietz-Kane & Associates Insurance Agency Inc. ("Dietz-Kane") is a

duly organized corporation organized and existing under the laws of the State of Minnesota

having its principal place of business at 674 6th Street East, Saint Paul, Minnesota 55106.

4.      Defendant Tom Kane Jr. is the alter ego of Dietz-Kane.

5.      There is such a unity of interest and ownership between Dietz-Kane and Kane that

the corporation and Kane are inseparable from each other.

1

6.      Adherence to the corporate fiction of separate unity would sanction fraud or promote a manifest injustice.

**JURISDICTION AND VENUE**

7.      This Court has original jurisdiction over the subject matter of the Lanham Act claims under 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331 and 1338(a), and pendent and supplemental jurisdiction over the state law and common law claims under 28 U.S.C. §§ 1338(b) and 1367 in that such claims are joined with substantial and related claims under the Trademark Laws of the United States, 15 U.S.C. §§ 1050 et seq.  The amount in controversy, exclusive of costs and interest, exceeds Seventy-Five Thousand Dollars ($75,000.00).

8.      Upon information and belief, personal jurisdiction is proper in this District because Defendants conduct business and/or reside in this District.  Thus, exercise of personal jurisdiction over Defendant in this District comports with the due process clause.

9.      Venue is proper in this District under 28 U.S.C. § 1391.  Upon information and belief, Defendant Dietz-Kane's webpage has been viewed by, and revenue from the webpages has been received by Defendant Dietz-Kane from, customers throughout the United States, including the District of Minnesota.

**FACTS**

10.     Plaintiff is actively engaged in the development and building of an on-line coffee business directly related to and under numerous trademark and related and derivative domain names since 1998.

11.     The marks "247 Coffee-Closest to the Roast- Taking America One Cup At A Time," U.S. Registration No.3540339; "Brew Lee- Freshest Roast," U.S. Registration No. 3201150; and "247 Coffee," U.S. Registration No. 3510495 (the "Marks") are listed on the

2

Primary Register of the United States Patent and Trademark Office and are the sole property of the Plaintiff.

12.     Plaintiff is the owner of assignee of the Marks.

13.     Plaintiff never authorized or permitted Defendants to use the Marks or their related businesses and domains.

14.     On or about July 18, 2008, Defendant Kane contacted GoDaddy, a corporation that registers internet domain names and, without authorization, accessed Plaintiff's aggregate account with GoDaddy and changed the passwords to the account to acquire exclusive control of Plaintiff's websites and deny Plaintiff all access to the websites.

15.     Defendants first denied that they had gained access to Plaintiffs' accounts for its websites, then later admitted it when confronted by Plaintiff.

16.     Defendants gained control of no less than seventy (70) domain names from Plaintiff, of which the affected Marks were a part.

17.     The domain names now under the control of the Defendants represent variations or derivatives of the Marks, or the Marks themselves.

18.     On or about July 20, 2008, Plaintiff provided written and electronic notice to the Defendants in regards to their infringing actions and demanded that the actions stop.

19.     The Defendants have refused to stop the infringing actions.

20.     Due to the actions of the Defendants and/or the Defendants' agent(s), the domain registrar transferred control of the Plaintiff's domains and altered Internet records to indicate that the Defendants are the owners of no less than seventy (70) domains which are actually owned by the Plaintiff.

21.     On or about July 21, 2008, Defendants demanded payment from the Plaintiff for the return of the domains and the associated Marks.

22.     Defendants have interfered with the building and development of the Plaintiff's online business and made overtures to customers in regards to the continuation and viability of the business operations of the Plaintiff.

23.     Defendants have continuously denied Plaintiff access to and control over the domains and the Marks.

24.     Upon information and belief, the Defendants have transacted business under the wrongfully-acquired domains and Marks and have caused irreparable harm to the Plaintiff.

25.     Upon information and belief, the continuous interference of the Defendants in Plaintiff's business and control of the domain names and associated Marks has caused damage to and will continue to damage Plaintiff.

## CAUSES OF ACTION

### COUNT I
### Federal Trademark Infringement (15 U.S.C. §1114 - §1117)

26.     Plaintiff restates and incorporates by reference Paragraphs 1 through 25 above as if fully set forth here.

27.     Plaintiff's Marks are registered with the U.S. Trademark Registry.

28.     Defendants' use of Plaintiff's Marks is in interstate commerce and without authorization or consent.

29.     Defendants' use of Plaintiff's Marks is likely to cause confusion, mistake, or to deceive consumers as to the source or origin among customers of certain goods and services.

30.     Defendants' actions have damaged Plaintiff.

31.     Defendants actions constitute trademark infringement under 15 U.S.C. §1114.

4

32.     The actions of the Defendants are willful and deliberate.

33.     Defendants' actions have caused great and irreparable harm to Plaintiff.

34.     Plaintiff is entitled to the remedies set forth in 15 U.S.C. §1117.

35.     The intentional nature of Defendants' unlawful acts renders this an "exceptional

case," entitling Plaintiff to enhanced damages and an award of attorneys' fees under 15 U.S.C.

§1117(a).

## COUNT II
## Minnesota Deceptive Trade Practices Act (Minn. Stat. § 325D.44)

36.     Plaintiff restates and incorporates by reference Paragraphs 1 through 35 above as

if fully set forth here.

37.     Defendants have engaged in deceptive trade practices in violation of Minn. Stat. §

325D.44, including Minn. Stat. § 325D.44, subdivisions (1) through (5), because their use of

Plaintiff's Marks is likely to cause confusion, mistake or deception as to the source of origin.

38.     As a direct and proximate result of the actual and likely confusion, mistake, or

deception, Plaintiff has suffered damages will continue to suffer damages.

39.     As a result of Defendants' wrongful conduct, Plaintiff is entitled to permanent

injunctive relief, damages in an amount to be determined at trial, and recovery of attorneys' fees

and costs incurred.

## COUNT IV
## Common Law Unfair Competition

40.     Plaintiff restates and incorporates by reference Paragraphs 1 through 39 above as

if fully set forth here.

41.     Defendants' use of Plaintiff's Marks is likely to cause confusion, mistake, or

deception as to the source of origin.  Defendants' use of Plaintiff's Marks is likely to mislead and

cause customers and/or the general public as to the source of the products and services associated

with the Marks.

42.    Plaintiff has been damaged by Defendant's actions.

43.    Defendants' conduct constitutes an unfair competition in violation of the rights of

Plaintiff.

44.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered and

will continue to suffer irreparable harm if the conduct of the Defendants is not enjoined.

## COUNT V
## Copyright Infringement (17 U.S.C. § 501)

45.    Plaintiff restates and incorporates by reference Paragraphs 1 through 44 above as

if fully set forth here.

46.    Plaintiff is the owner and registrant of several registered U.S. Copyrights,

including:   U.S. Copyright Reg. No. TX0006091418 which includes the content of Plaintiff's

website, "47Coffee-Closest-to-the-Roast;" and U.S. Copyright Reg. No. TX0006201599 which

includes the content of Plaintiff's website, www.webcom247.com.

47.    During the period of July 2008 through the present, Defendants continue to

control and interfere with the rights and privileges of the Plaintiff in his copyrighted works, i.e.

the websites and products associated with the registered and common law marks owned by

Plaintiff.

48.    Defendants' use of the Plaintiff's copyright registered and protected material is

without authorization from Plaintiff.

49.    Plaintiff has demanded that Defendants stop their infringing activity but

Defendants have refused.

50.    Plaintiff has been damaged by Defendants actions.

51.     Defendants' actions are in violation of Plaintiff's copyrights pursuant to 17 U.S.C. §106 - §122, and in particular, §106A(a).

52.     Plaintiff is entitled to the remedies set forth in 17 U.S. C. §503, 17 U.S.C. §504 and §505.

## COUNT VI
### Conversion

53.     Plaintiff restates and incorporates by reference Paragraphs 1 through 52 above as if fully set forth here.

54.     Defendants Kane and Dietz-Kane, through their intentional acts, took wrongful control over Plaintiff's intellectual property and seriously interfered with Plaintiff's right to that property.  Defendants Kane and Dietz-Kane wrongfully converted Plaintiff's intellectual property rights for their own benefit to the detriment of Plaintiff.

55.     Plaintiff did not have prior knowledge of this conversion and did not consent to this conversion.

56.     As a result of the actions of Defendants Kane and Dietz-Kane, Plaintiff has sustained damages in an amount to be determined at trial, plus interest, costs, attorneys' fees, and the relief provided by Minn. Stat. § 604.14, including the limited exemplary damages provided thereby.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests judgment against Defendants as follows:

1.     That the court provide equitable relief to the Plaintiff by ordering the return by Defendants of the domain names to the control of the Plaintiff, and instruction such transfer, in accordance with 15 U.S.C. §1125(1)(7)(c);

2.      That the Court order the delivery of all and any materials bearing the Marks of the Plaintiff and, if necessary, the destruction of such infringing materials in accordance with 15 U.S.C. § 1118;

3.      That the Court award statutory damages for violation of 15 U.S.C. § 1125(d)(1) in accordance with 15 U.S.C. § 1117(d).

4.      That the Court award statutory damages in accordance with 15 U.S.C. §1117(c), unless determination of trebled damages provides a more just and equitable conclusion;

5.      That the Court award damages and fees in accordance with 17 U.S.C. § 505 for the willful violations of the statutory and common law copyrights of the Plaintiff;

6.      That the Court enjoin Defendants from any and all actions it deems necessary to avoid infringement and/or interference with the ownership and benefits of the Marks, copyrights, and related domains of the Plaintiff;

7.      That the Court permanently enjoin and restrain Defendants and its respective partners, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendants from:

a.      Using on or in connection with the production, manufacture, advertisement, promotion, display (including on the Internet or in any metadata) or otherwise, displaying for sale, offering for sale, sale, or distribution of any product or service or for any purposes whatsoever, the Plaintiff's marks, or any other mark confusingly similar to Plaintiff's marks;

b.      Representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive purchasers into believing that Defendants' services originate with or are the services of Plaintiff or that there

is any affiliation, sponsorship, endorsement, association, or connection between Plaintiff and its products or services and Defendants and their products and services, and from otherwise competing unfairly with Plaintiff;

8.     That the Court direct that Defendants, at their own expense, recall all the marketing, promotional and advertising materials and edit any websites that bear or incorporate any mark or design of Plaintiff, or any mark confusingly similar to Plaintiff's marks, which Defendant has distributed, sold or shipped;

9.     That the Court award such other relief as the Court may deem appropriate to prevent the trade and public from forming any erroneous impression that any product or service promoted or provided by Defendants is authorized by the Plaintiff or related in any way to Plaintiff's products or services;

10.    That the Court direct Defendants to file with this Court and to serve upon Plaintiff within thirty (30) days after service upon Defendants of an injunction in this action, a written report by Defendants, under oath, setting forth in detail the manner in which Defendants have complied with the injunction;

11.    That the Court award Plaintiff as damages Defendants' profits from its sale of products or revenue generated through its services under Plaintiff's marks;

12.    That the Court award Plaintiff all damages and other remedies permitted by Minnesota State statutory law or common law, in an amount to be determined at trial;

13.    That the Court award Plaintiff's reasonable attorneys' fees and the costs of this action; and

14.    That the Court award the Plaintiff the relief provided by Minn. Stat. § 604.14, including the limited exemplary damages provided therein;

15.     That the Court award Plaintiff such other and further relief as this Court deems

just and proper.

Dated:  July 1, 2010                         *s/ Bridget A. Sullivan*
                                             Todd L. Gurstel (#185619)
                                             Bridget A. Sullivan (#265974)
                                             **GURSTEL CHARGO, P.A.**
                                             6681 Country Club Drive
                                             Golden Valley, MN  55427
                                             Telephone:  (763) 267-6700
                                             Facsimile:  (763) 267-6777

                                             **ATTORNEYS FOR PLAINTIFF**
                                             **CHAIM LOWENSTEIN**