UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Chaim Lowenstein,

        Plaintiff,

v.

Tom Kane, Jr. and
Dietz-Kane & Associates Insurance
Agency, Inc.,

        Defendants.

CIVIL NO.: 10-CV-02857-DWF-AJB

**TOM KANE, JR.'S ANSWERS TO
PLAINTIFF'S FIRST SET OF
INTERROGATORIES**

TO:    PLAINTIFF CHAIM LOWENSTEIN THROUGH HIS ATTORNEY PAUL
GODFREAD, ESQ., AT GODFREAD LAW FIRM, P.C., 100 SOUTH FIFTH
STREET, SUITE 1900, MINNEAPOLIS, MN  55402.

        Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Tom

Kane, Jr. (hereinafter "Kane") Answers Plaintiff's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS AND RESERVATIONS AND RESERVATIONS

        Tom Kane, Jr. ("Kane") objects to each and every Interrogatory of Plaintiff as follows:

1.  Kane objects to Plaintiff's Interrogatories to the extent that the Interrogatories' discovery

    obligations are contrary to or exceed those set forth in the Federal Rules of Civil Procedure.

2.  Kane objects to Plaintiff's Interrogatories to the extent that they are overly broad and unduly

    burdensome.

3.  Kane further objects to Plaintiff's Interrogatories to the extent that they seek material

    protected from discovery by the attorney-client privilege, the work product doctrine or any

    other statutory or common law obligation.

1



Exhibit ___
Pg ___ of ___

4. Kane objects to Plaintiff's Interrogatories to the extent that they are vague, compound, ambiguous and not reasonably expected to lead to discovery of admissible evidence.

5. Kane objects to Plaintiff's Interrogatories to the extent that they are not applicable to Kane.

6. These objections and answers are made by Kane subject to, and without in any way waiving or intending to waive:

   a. All questions or objections as to competency, relevancy, materiality, privilege and admissibility as evidence, or for any other purpose, or any of the responses given herein, or the subject matter thereof in any subsequent proceeding in or at the trial of this action or any other action;

   b. The right to object to any other discovery proceedings involved or relating to the subject matter of the Interrogatories herein; and

   c. The right at any time to revise, correct, add or clarify any of the Answers set forth herein consistent with the Federal Rules of Civil Procedure.

7. The foregoing general objections and reservations are incorporated into each of Kane's Answers, regardless of whether express reference is made to these general objections and reservations and reservations in response to any particular Interrogatory.

8. All information produced herein is produced for use in this action only and for no other purpose.

9. Kane has answered each of Plaintiff's Interrogatories based on his understanding of those Interrogatories and to the best of his knowledge and recollection on the date the Answers are served. Kane expressly reserves the right to amend, supplement or correct his answers as necessary.

10. Kane objects to the Interrogatories on the grounds of burden, to the extent they ask for

addresses for parties, or persons employed by parties, and to the extent they seek information already in Plaintiff's' control, or to which Plaintiff has equal access, or which is otherwise obtainable from some other source that is more convenient, less burdensome or less expensive.

11. Kane has set forth such objections as are apparent at this time based on its understanding of Plaintiff's Interrogatories. Kane expressly reserves the right to assert additional objections, including those based on undue burden that may become apparent in the course of discovery.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**                Identify all persons who have any knowledge or information about any of the allegations, claims, facts, counterclaims, defenses or other matters inserted in either the Complaint or Answer or any other response thereto.

**ANSWER:**

In addition to Kane's general objections and reservations enumerated above, the following specific objections are made:

Objection. This discovery request is so broad and unlimited as to time and scope it is burdensome, oppressive, and overbroad;

Objection. This discovery request seeks information subject to the attorney-client privilege and attorney work product;

Objection. This discovery request seeks information not relevant and/or material to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence;

Objection. This discovery request seeks information equally available to the propounding party;

Objection. This discovery request seeks information in support of Plaintiff's own Complaint which is known to, in the possession of, and/or equally available to Plaintiff. In addition, Kane is not required to prepare Plaintiff's case for him.

Subject to these specific objections and the general objections and reservations, Kane states as follows:

    a)  Tom Kane, Jr.

    b)  Thorsen, Breidinger & Novak, P.A. (CPA's)
        2425 North Margaret Street
        North St. Paul, MN  55109
        Attn:  Christopher Thorsen
        (651) 770-8822

    c)  Maria Albright
        United States Postal Inspector
        1050 Forbell St – Room 2037
        Brooklyn, NY  11256-9901
        (718) 348-3746

    d)  Vic DeLauriers
        % Level 3 PC
        1935 Co Rd B2- suite 58
        Roseville, MN 55113
        (651) 295-8120

    e)  The GoDaddy Group, Inc.
        % Nicholas J. DiCarlo, Esq.
        8171 East Indian Bend Road – Suite 100
        Scottsdale, AZ  85250
        (480) 222-0914

**INTERROGATORY NO. 2:**     For each person identified in response to Interrogatory No. 1, state the following:

    a.    Describe in detail the knowledge or information possessed by each person identified;

    b.    Identify the bases or source from which the knowledge or information has been derived; and

    c.    Identify all persons to whom the person has communicated any of the knowledge or information possessed, together with the time, date, place and circumstances of the

communication, and identify all of the documents that memorialize the
communication.

## ANSWER:

In addition to Kane's general objections and reservations enumerated above, the following specific
objections are made:

Objection. This discovery request is so broad and unlimited as to time and scope it is burdensome,
oppressive, and overbroad;

Objection. This discovery request seeks information subject to the attorney-client privilege and
attorney work product;

Objection. This discovery request seeks information not relevant and/or material to the subject
matter of this lawsuit and not calculated to lead to the discovery of admissible evidence;

Objection. This discovery request seeks information equally available to the propounding party;

Objection. This discovery request seeks information in support of Plaintiff's own Complaint which
is known to, in the possession of, and/or equally available to Plaintiff.  In addition, Kane is not
required to prepare Plaintiff's case for him.


Subject to these specific objections and the general objections and reservations, Kane states as
follows:


Tom Kane, Jr.

   a) Section III. Facts—General Allegations of Kane's counterclaim.

   b) Kane's personal and previous legal dealings with Plaintiff, discussions and reports from
Albright, discussions with DeLauriers, discussions and interactions with GoDaddy, and
discussions and interactions with Thorsen.

   c) Subject to all of the objections stated above, each of these persons has communicated with
each other.   It is impossible to know who else these persons may have communicated with
regarding the facts in this action.

Documents:

     1. All the pleadings in the instant action;

     2. Complaint of the United States of America v. Lowenstein;

3. All items appearing on the docket in the case of Lowenstein v. Tom Kane Jr., Dietz-Kane & Associates Insurance Agency, Inc. and GoDaddy. Court file No. 1:08-cv-04730-SLT-LB (United States District Court-Eastern District of New York). All available on PACER.

4. Relevant portions of Kane's Federal Tax returns documenting amounts he invested in ArmorCore Technologies, LLC.

5. Financial records related to ArmorCore Technologies, LLC (at least those in Kane's possession).

6. Other than the above listed documents, an accurate response to this portion of the Interrogatory would necessitate the preparation of a compilation, abstract, audit, or summary of a large quantity of documents in Kane's possession. Because this Interrogatory is so broad and such preparation would be similarly burdensome and/or expensive to both the propounding and the responding parties, Kane offers to permit review of all of the non-privileged and responsive documents from which Plaintiff can audit, inspect, copy or summarize. Kane will make said documents available for review upon reasonable request.

Christopher Thorsen.

a) Thorsen has knowledge of: some of the business records of ArmorCore Technologies, LLC's (Plaintiff supplied incomplete financial and business records to Kane at various times); Plaintiff's failure and refusal to file federal and state corporate informational and tax returns as tax partner of ArmorCore; Kane's efforts to obtain reliable financial information from Plaintiff; and Plaintiff's inappropriate and unauthorized use of corporate assets for his own personal use/gain.

b) Kane, records received from Kane, alleged records received from Plaintiff, notices from the IRS.

c) See documents listed in Kane's response to this interrogatory.

<u>Maria Albright.</u>

a) Albright has knowledge of: Plaintiff's illegal activities and how they impacted Kane; Kane's legitimate business activities within ArmorCore and Deitz-Kane & Associates Insurance Agency, Inc.;  and Kane's efforts to become administrator of the domain names which are the subject matter of this action in order to exonerate himself from possible criminal indictment by the United States of America and preserve evidence.

b) Albright's own investigations and communications with Kane.

c) See documents listed in Kane's response to this interrogatory.

<u>Vic DeLauriers.</u>

a) DeLauriers has knowledge of:  Plaintiff creating emails purportedly from Kane to various parties, but that were actually sent by Plaintiff; and how it was determined that Plaintiff caused the domain names which are the subject matter of this action to become considered by GoDaddy as administrable by ArmorCore.

b) DeLauriers' own investigations and communications with Kane.

d)  See documents listed in Kane's response to this interrogatory.

<u>GoDaddy.</u>

a) GoDaddy has knowledge of:  Plaintiff's lawsuit against it; its decision to quarantine the domain names; its determination that Kane was entitled to establish himself as administrator of the domains; Kane's efforts to switch the administration rights for the domains to Plaintiff and Plaintiff's failure or refusal to participate.

b) GoDaddy's own investigations and communications with Kane.

c)  See documents listed in Kane's response to this interrogatory.

**INTERROGATORY NO. 3:**                Identify all persons who you expect to call as expert witnesses at trial and for each person state the following:

a.    The subject matter of the expert testimony;

b.    A summary of the facts and opinions to which the expert is expected to testify; and

c.    A summary of the grounds for each such opinion.

**ANSWER:**

None.

**INTERROGATORY NO. 4:**    Identify all insurance policies held by Defendants that may cover claims such as those raised in the Complaint along with the policy number or numbers, type of policy, limits of coverage, and agent name and contact information including addresses, email and telephone number for those insurance companies.

**ANSWER:**

None.

**INTERROGATORY NO. 5:**    Describe and explain in detail all claims that have been made against you as a result of the incident described in the Complaint and identify each claimant, include in your response all amounts that have been paid to each claimant.  Identify all documents relating to each claim by each person identified.

**ANSWER:**

With respect to the first sentence/portion of Plaintiff's compound Interrogatory, and in addition to Kane's general objections and reservations enumerated above, the following specific objections are made:

Objection.  This discovery request is unintelligible and not susceptible to the framing a cogent response. The term "incident" is not defined.  The term "claim" is not defined.

Objection.  This discovery request seeks information equally available to the propounding party;

Objection.  This discovery request seeks information in support of Plaintiff's own Complaint which is known to, in the possession of, and/or equally available to Plaintiff.

Subject to these specific objections and the general objections and reservations, Kane states as follows:

The only person or entity to have made a "claim" against Kane arising out the circumstances alleged in Plaintiff's Complaint, is Plaintiff himself. Kane has paid no amounts to Plaintiff in connection with Plaintiff's alleged claim(s).

With respect to the second sentence/portion of Plaintiff's compound Interrogatory, and in addition to Kane's general objections and reservations enumerated above, the following specific objections are made:

Objection. This discovery request is so broad and unlimited as to time and scope it is burdensome, oppressive, and overbroad;

Objection. This discovery request seeks information subject to the attorney-client privilege and attorney work product;

Objection. This discovery request seeks information not relevant and/or material to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence;

Objection. This discovery request seeks information equally available to the propounding party;

Objection. This discovery request seeks information in support of Plaintiff's own Complaint which is known to, in the possession of, and/or equally available to Plaintiff. In addition, Kane is not required to prepare Plaintiff's case for him.

**INTERROGATORY NO. 6:**      If you deem that Plaintiff has made any admissions that are admissible in this case, describe with particularity the admission, including the time, date and the place of admission.

**ANSWER:**

Subject to the general objections and reservations, Kane states as follows:

Plaintiff's guilty plea in the case of United States of America v. Seth Lowenstein, aka Chaim Lowenstein, constitutes an admission that Plaintiff was conducting the illegal activities that caused the United States Postal Inspector to investigate Kane's involvement in said illegal activities. The Inspector's inquiries into Kane's possible involvement directly lead to Kane's becoming the administrator of the websites hosted by GoDaddy. Kane was forced to become administrator of the websites to exonerate himself from the Inspector's suspicions and to preserve evidence and/or not allow a business associate (Plaintiff) to commit spoilage of evidence. The totality of these circumstances rise to an admission (by act and deed) that Kane did not convert Plaintiff's websites

to his own use and, with respect to Plaintiff's copyright/trademark claims, was entitled to the "fair use" of same, which is a defense to Plaintiff's claims.

Kane is not privy to the time, date or place of Plaintiff's admission of guilt.

**INTERROGATORY NO. 7:**        Identify all persons who were employed by Defendants who had handled or processed registration of domain names including subcontractors, independent contractors or other third parties acting on behalf of Defendants.

**ANSWER:**

In addition to Kane's general objections and reservations enumerated above, the following specific objections are made:

Objection.  This discovery request is so broad and unlimited as to time and scope it is burdensome, oppressive, and overbroad;

Objection.  To the extent this discovery request seeks information about domain names which are not included in the subject matter of this lawsuit, such request is not relevant and/or material to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence;

Objection.  Kane is not required to respond on behalf of Dietz-Kane & Associates Insurance Agency, Inc.

Subject to these specific objections and the general objections and reservations, Kane states as follows:

With respect to the domain names which are included in the subject matter of this law suit, Kane never employed anyone or any entity to handle or register the domain names Plaintiff alleges belong to him.

**INTERROGATORY NO. 8:**        Identify any written or recorded statements or transcripts of oral statements of any person relevant to this action which you or your attorney possess or believe to exist, the date on which any such statements were given, identify each individual present, identify each document recording or relating to such statements and identify the individuals or entities in possession of such documents.

**ANSWER:**

Subject to the general objections and reservations, Kane states as follows:

Kane is not aware of or in possession of any statements responsive to this Interrogatory.


**INTERROGATORY NO. 9:**     Identify all third parties who Defendants have contacted in regards to the events giving rise to any claim or counterclaim raised in this lawsuit and for each third party identified state the date of the contact and the substance of any discussion or communication.

**ANSWER:**

In addition to Kane's general objections and reservations enumerated above, the following specific objections are made:

Objection. This discovery request is so broad and unlimited as to time and scope it is burdensome, oppressive, and overbroad;

Objection. This discovery request seeks information subject to the attorney-client privilege and attorney work product;

Objection. This discovery request seeks information not relevant and/or material to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence;

Objection. Kane is not required to respond on behalf of Dietz-Kane & Associates Insurance Agency, Inc.


Subject to these specific objections and the general objections and reservations, Kane states as follows:


    a)    Maria Albright


Kane spoke to and corresponded with Ms. Albright on various occasions prior to and after Plaintiff commenced this lawsuit. Kane has no reliable record or way to compile an exact list of actual dates of such contacts. The substance of the contacts prior to the commencement of the lawsuit were to convince Ms. Albright that Kane was not involved in Plaintiff's alleged (at the time) illegal activities. The substance of the contacts after the commencement of the lawsuit was to check on the status of the United States' case against Plaintiff. Kane has no record of the exact dates for each such contact.

b)      GoDaddy

Kane spoke to and/or corresponded with staff and counsel for GoDaddy prior to
Plaintiff commencing this law suit at the request of Ms. Albright and upon his own
volition, to determine why it was that Plaintiff's illegal activities were impacting
ArmorCore Technologies, LLC (ArmorCore) and Kane, as a member thereof. Kane and
Plaintiff are 50/50 members in said LLC. Kane learned from GoDaddy that Plaintiff had
used an ArmorCore credit card (which Plaintiff had obtained and established Kane as the
responsible party thereon without Kane's consent) to pay for the hosting of the domain
names which are the subject matter of this law suit. GoDaddy determined that Kane
was authorized by the terms of GoDaddy's hosting agreement to administer the domain
names. Kane became the administrator of the domain names, replacing Plaintiff.

Kane also spoke to and/or corresponded with staff and General Counsel for GoDaddy
prior to Plaintiff commencing this law suit, in an attempt to re-establish Plaintiff as
administrator of the GoDaddy hosted domain names. On several occasions Kane and
GoDaddy had arranged for conference calls with Plaintiff so that Plaintiff would have all
of the information Plaintiff needed to become administrator again. On information and
belief, Kane believes that GoDaddy wanted Lowenstein to either dismiss it from his
lawsuit he filed in New York, New York or at least release GoDaddy of any claims
before GoDaddy would allow Lowenstein to become administrator. Plaintiff failed and
refused to participate in the arranged conference calls. Kane has no record of the exact
dates for each such contact.

c)  DeLauriers

Kane spoke to Vic DeLauriers regarding determine how to prove that Plaintiff have
fabricated and transmitted e-mails that Plaintiff attributed to Kane, but which were
actually sent by Plaintiff. Kane also spoke to DeLauriers to help Kane in determining
what registrations residing at GoDaddy fell under the administrative rights of
ArmorCore.

d) Thorsen

Kane spoke to Thorsen regarding Plaintiff's improper financial management of ArmorCore; Plaintiff's failure to provide accurate financial records to Kane; Plaintiff's failure to file required tax reports and returns for ArmorCore; plaintiff's failure to provide K-1's to Kane.

**INTERROGATORY NO. 10:**     For each affirmative defense in your Answer, state in detail the facts and legal theory that supports your affirmative defense and identify any documents that would support, diminish or otherwise relate to an affirmative defense and identify each person with knowledge of facts relating to an affirmative defense.

**ANSWER:**

In addition to Kane's general objections and reservations enumerated above, the following specific objections are made:

Objection.  This discovery request seeks information subject to the attorney-client privilege and attorney work product;

Objection.  This discovery request has, in substance, been previously asked and answered herein;

Objection.  This discovery request seeks information equally available to the propounding party;

Objection.  This discovery request seeks the legal reasoning and theories of Kane's defenses.  Kane is not required to prepare Plaintiff's case. Kane is not required to perform legal research for Plaintiff regarding Kane's affirmative defenses.

Objection.  This interrogatory contains subparts, or a compound, conjunctive, or disjunctive question.

Subject to these specific objections and the general objections and reservations, Kane states as follows:

a) Complaint fails to state a claim upon which relief may be granted.

See, Kane's Rule 11 Motion and letter to Plaintiff's attorney dated July 20, 2011 and Section III. Facts—General Allegations of Kane's counterclaim.

b) Unclean hands.

See, Section III. Facts—General Allegations of Kane's counterclaim.

c) Estoppel.

See, Section III. Facts—General Allegations of Kane's counterclaim.

d) Waiver.

See, Section III. Facts—General Allegations of Kane's counterclaim.

e) Laches.

Plaintiff has failed to prosecute his case against GoDaddy, which has quarantined the domain names Plaintiff accuses Kane of using and converting.

f) Plaintiff caused own damages.

See, Section III. Facts—General Allegations of Kane's counterclaim.

g) Damages caused by others over whom Kane has no control.

Kane cannot control Plaintiff's intentional and/or unintentional self-infliction of his alleged damages, nor the acts, omissions, or decisions of GoDaddy. In addition, see Section III. Facts—General Allegations of Kane's counterclaim.

h) Assumed risk.

See, Section III. Facts—General Allegations of Kane's counterclaim.

i) Failure to mitigate.

See, Section III. Facts—General Allegations of Kane's counterclaim.

j) Bona fide error.

Kane had no reason to believe that becoming the administrator of the domain names that are the subject matter of this action, and which are the property of a company he and Plaintiff own together, could possibly be construed as an act of infringement of a copyright or

trademark; a conversion; or any type of deceptive trade practice.  Even if any of these claims of Plaintiff were to be found to be "technically" true, Kane's actions were innocent under the circumstances.

k) Fair use.

In his Answer, Kane reserved the right to assert additional affirmative defenses.  Kane intends to assert the defense of "Fair Use" as contemplated in the U.S.C. and the equitable doctrines related thereto as developed by the courts with regard to copyright infringement. See, Kane's Rule 11 Motion and letter to Plaintiff's attorney dated July 21, 2011 and Section III. Facts—General Allegations of Kane's counterclaim.

Documents:

See, documents identified in response to Interrogatory No. 2.

**INTERROGATORY NO. 11:**     For each counterclaim alleged, state in detail the facts and legal theory that supports your counterclaim and identify any documents that would support, diminish or otherwise relate to that counterclaim and identify each person with knowledge of facts relating to that counterclaim.

**ANSWER:**

In addition to Kane's general objections and reservations enumerated above, the following specific objections are made:

Objection.  This discovery request seeks information subject to the attorney-client privilege and attorney work product;

Objection.  This discovery request has, in substance, been previously asked and answered herein;

Objection.  This discovery request seeks information equally available to the propounding party;

Objection.  This discovery request seeks the legal reasoning and theories of Kane's counterclaims. Kane is not required to prepare Plaintiff's case. Kane is not required to perform legal research for Plaintiff regarding Kane's counterclaims.

Objection.  This interrogatory contains subparts, or a compound, conjunctive, or disjunctive question.

Subject to these specific objections and the general objections and reservations, Kane states as follows:

a) <u>Count I: Accounting/Trustee/Dissolution.</u>
   See, Section III. Facts—General Allegations of Kane's counterclaim.

b) <u>Count II: Accounting/Waste/Breach of Fiduciary Duty/Actual Fraud/Constructive Fraud.</u>
   See, Section III. Facts—General Allegations of Kane's counterclaim.

c) <u>Count III: Common Law Fraud.</u>
   See, Section III. Facts—General Allegations of Kane's counterclaim.

d) <u>Count IV: Slander.</u>
   See, Section III. Facts—General Allegations of Kane's counterclaim.

e) <u>Count V: Racketeering (RICO).</u>
   See, Section III. Facts—General Allegations of Kane's counterclaim.

f) <u>Count VI: Exemplary and Punitive Damages.</u>
   See, Section III. Facts—General Allegations of Kane's counterclaim.

g) <u>Count VII: Unjust Enrichment.</u>
   See, Section III. Facts—General Allegations of Kane's counterclaim.

h) <u>Count VIII: Injunctive Relief.</u>
   See, Section III. Facts—General Allegations of Kane's counterclaim.

<u>Documents.</u>

See, documents identified in response to Interrogatory No. 2.

**INTERROGATORY NO. 12:**      Identify all communications between Defendants and any third party concerning this litigation, the claims made by Defendants in this litigation, or Defendants' use of the Plaintiff's trademarks; for each such communication, specify the Persons involved, the date of the communication, and its substance.

**ANSWER:**

In addition to Kane's general objections and reservations enumerated above, the following specific objections are made:

Objection. This discovery request is so broad and unlimited as to time and scope it is burdensome, oppressive, and overbroad;

Objection. This discovery request seeks information subject to the attorney-client privilege and attorney work product;

Objection. This discovery request seeks information not relevant and/or material to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence;

Objection. Kane is not required to respond on behalf of Dietz-Kane & Associates Insurance Agency, Inc.

Objection. This discovery request has, in substance, been previously asked and answered herein. See, Interrogatories 1, 2 and 9.

This discovery request is unintelligible and not susceptible to the framing a cogent response. The term "use" is not defined.

Objection. This discovery request as phrased is argumentative as it relates to "trademarks". It requires the adoption of an untrue assumption that Kane "used" the trademarks, which is improper.

Objection. This interrogatory contains subparts, or a compound, conjunctive, or disjunctive question.

Subject to these specific objections and the general objections and reservations, Kane states as follows:

Kane has never used Plaintiff's alleged trademarks.

**INTERROGATORY NO. 13:**        List all domain names owned or controlled by Defendants for the last 5 years.

**ANSWER:**

In addition to Kane's general objections and reservations enumerated above, the following specific objections are made:

Objection.  This discovery request seeks information not relevant and/or material to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence; Objection.  Kane is not required to respond on behalf of Dietz-Kane & Associates Insurance Agency, Inc.

Subject to these specific objections and the general objections and reservations, Kane states as follows:

Kane does not own or control any domain names.

**INTERROGATORY NO. 14:**        For each domain name listed in response to Interrogatory 13 describe the nature of business and business plan of the website operated through that domain including the anticipated sources of revenue.

**ANSWER:**

None.

**INTERROGATORY NO. 15:**        Identify each Person responsible for or involved in any way with the advertising, marketing or promotion of Defendants' products or services, describing each Person's specific responsibilities.

**ANSWER:**

In addition to Kane's general objections and reservations enumerated above, the following specific objections are made:

Objection.  This discovery request is so broad and unlimited as to time and scope it is burdensome, oppressive, and overbroad;

Objection.  This discovery request seeks information not relevant and/or material to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence; Objection.  Kane is not required to respond on behalf of Dietz-Kane & Associates Insurance Agency, Inc.

Subject to these specific objections and the general objections and reservations, Kane states as follows:

Kane has no products or services to market, advertise or promote.

**INTERROGATORY NO. 16:**      Identify each person who participated in or supplied information used in answering any of the above interrogatories; beside the name of each such person, state the number of the interrogatory answer(s) with respect to which that person participated in or supplied information.

**ANSWER:**

In addition to his attorney, Kane participated in or supplied the information used in answering all of the above interrogatories.

### AS TO ANSWERS:

Dated: July _____, 2011.                           _____
                                                                          Tom Kane, Jr.

Subscribed and sworn to before me
This 21st day of July, 2011.

_____
Notary Public

OKONESKI LAW FIRM, LLC

### AS TO OBJECTIONS:

Dated: July 21, 2011.

By: _____

Thomas J. Okoneski (146791)
P.O. Box 9069
North St. Paul, MN  55109
Telephone: (651) 260-3524

ATTORNEY FOR TOM KANE, JR.